# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*
CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

AUG 1 4 2018

Sherri R. Carter, Executive Officer/Clerk of Court

By: Judi Lara, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Burberry, Burberry Ltd., Burberry Limited, Kelly Valdez, Andrea Pukulis, and DOES 1 to 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Albert Toro

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Stanley Mosk Courthouse, Central District<br>111 North Hill Street<br>Los Angeles, California 90012 | **CASE NUMBER:**<br>*(Número del Caso):*<br>BC 7 1 7 8 3 4 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Carney R. Shegerian, Esq. (SBN 150461)          (310)860-0770
Shegerian & Associates, Inc.
225 Santa Monica. Suite 700, Santa Monica, CA 90401

DATE:                              AUG 1 4 2018   SHERRI R. CARTER, Clerk, by          Judi Lara , Deputy
*(Fecha)* August 14, 2018                                   *(Secretario)*                              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☑ on behalf of *(specify)*: Burberry Limited

   under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

   ☐ other *(specify)*:
4. ☑ by personal delivery on *(date)*: 8/23/18.

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 (Rev. July 1, 2009) | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Carney R. Shegerian, Esq. (SBN 150461)<br>Sheegerian & Associates, Inc.<br>225 Santa Monica Boulevard, Suite 700, Santa Monica, CA 90401<br>TELEPHONE NO.: (310)860-0770    FAX NO.: (310)860-0771<br>ATTORNEY FOR (Name): Plaintiff, Albert Toro | **CONFORMED COPY<br>ORIGINAL FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>AUG 14 2018<br><br>Sherri R. Carter, Executive Officer/Clerk of Court<br>By: Judi Lara, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Toro v. Burberry., et. al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited   [ ] Limited<br>(Amount      (Amount<br>demanded    demanded is<br>exceeds $25,000)   $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **BC 717834**<br>JUDGE:<br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [X] punitive
4. Number of causes of action (specify): Eight (8) causes of actions
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. (You may use form CM-015.)

Date: August 14, 2018

Carney R. Shegerian, Esq.
(TYPE OR PRINT NAME)                    ▶    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

1  Carney R. Shegerian, Esq., State Bar No. 150461
   CShegerian@Shegerianlaw.com
2  Anthony Nguyen, Esq., State Bar No. 259154
   ANguyen@Shegerianlaw.com
3  Gloria Tumanyan, Esq., State Bar No. 304028
   GTumanyan@Shegerianlaw.com
4  SHEGERIAN & ASSOCIATES, INC.
   225 Santa Monica Boulevard, Suite 700
5  Santa Monica, California 90401
   Telephone Number: (310) 860-0770
6  Facsimile Number: (310) 860-0771

7  Attorneys for Plaintiff,
   ALBERT TORO

8

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

AUG 14 2018

Sherri R. Carter, Executive Officer/Clerk of Court
By: Judi Lara, Deputy

9      **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10    **FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

11                                    BC 717834

12  ALBERT TORO,                     ) Case No.:
                                     )
13        Plaintiff,                 ) **PLAINTIFF ALBERT TORO'S**
                                     ) **COMPLAINT FOR DAMAGES FOR:**
14  vs.                              )
                                     ) **(1) VIOLATION OF FEHA;**
15  BURBERRY, BURBERRY LTD.,         )
    BURBERRY LIMITED, KELLY          ) **(2) BREACH OF EXPRESS ORAL**
16  VALDEZ, ANDREA PUKULIS, and      )     **CONTRACT NOT TO TERMINATE**
    DOES 1 to 100, inclusive,        )     **EMPLOYMENT WITHOUT GOOD**
17                                   )     **CAUSE;**
          Defendants.               )
18                                   ) **(3) BREACH OF IMPLIED-IN-FACT**
                                     )     **CONTRACT NOT TO TERMINATE**
19                                   )     **EMPLOYMENT WITHOUT GOOD**
                                     )     **CAUSE;**
20                                   )
                                     ) **(4) NEGLIGENT HIRING,**
21                                   )     **SUPERVISION, AND RETENTION;**
                                     )
22                                   ) **(5) WRONGFUL TERMINATION OF**
                                     )     **EMPLOYMENT IN VIOLATION**
23                                   )     **OF PUBLIC POLICY;**
                                     )
24                                   ) **(6) VIOLATION OF LABOR CODE**
                                     )     **§ 1102.5;**
25                                   )
                                     ) **(7) INTENTIONAL INFLICTION OF**
26                                   )     **EMOTIONAL DISTRESS;**
                                     )
27                                   ) **(8) VIOLATION OF CALIFORNIA**
                                     )     **CIVIL CODE SECTION 51.7 AND**
28                                   )     **52**

_____
                    PLAINTIFF'S COMPLAINT FOR DAMAGES

_____ ) **DEMAND FOR JURY TRIAL**

Plaintiff, Albert Toro, alleges, on the basis of personal knowledge and/or information and belief:

### SUMMARY

This is an action by plaintiff, Albert Toro ("plaintiff" or "Toro"), whose employment with defendants Burberry ("Burberry"), Burberry Ltd. ("Burberry Ltd."), and Burberry Limited ("Burberry Limited") was wrongfully terminated. Plaintiff brings this action against defendants for economic, non-economic, compensatory, and punitive damages, pursuant to Civil Code section 3294, pre-judgment interest pursuant to Code of Civil Procedure section 3291, and costs and reasonable attorneys' fees pursuant to Government Code section 12965(b) and Code of Civil Procedure section 1021.5.

### PARTIES

1. *Plaintiff:* Plaintiff Toro is, and at all times mentioned in this Complaint was, a resident of the County of Los Angeles, California.

2. *Defendants:* Defendants Burberry, Burberry Ltd., and Burberry Limited are, and at all times mentioned in this Complaint were, authorized to operate by the State of California and the United States government and authorized and qualified to do business in the County of Los Angeles. Defendants' place of business, where the following causes of action took place, was and is in the County of Los Angeles, at 501 North Rodeo Drive, Beverly Hills, California 90210. Defendant Kelly Valdez ("Valdez") is, and at all times mentioned in this Complaint was, a supervisor with defendants. Defendant Valdez is, and at all times mentioned in this Complaint was, a resident of Los Angeles County, California. Defendant Andrea Pukulis ("Pukulis") is, and at all times mentioned in this Complaint was, a supervisor with defendants. Defendant Pukulis is, and at all times mentioned in this Complaint was, a resident of Los Angeles County,

1  California.

2     3. *Doe defendants:* Defendants Does 1 to 100, inclusive, are sued under fictitious
3  names pursuant to Code of Civil Procedure section 474. Plaintiff is informed and be-
4  lieves, and on that basis alleges, that each of the defendants sued under fictitious names is
5  in some manner responsible for the wrongs and damages alleged below, in so acting was
6  functioning as the agent, servant, partner, and employee of the co-defendants, and in tak-
7  ing the actions mentioned below was acting within the course and scope of his or her auth-
8  ority as such agent, servant, partner, and employee, with the permission and consent of the
9  co-defendants. The named defendants and Doe defendants are sometimes hereafter re-
10 ferred to, collectively and/or individually, as "defendants."

11    4. *Relationship of defendants:* All defendants compelled, coerced, aided, and/or
12 abetted the discrimination, retaliation, and harassment alleged in this Complaint, which
13 conduct is prohibited under California Government Code section 12940(i). All defen-
14 dants were responsible for the events and damages alleged herein, including on the fol-
15 lowing bases: (a) defendants committed the acts alleged; (b) at all relevant times, one or
16 more of the defendants was the agent or employee, and/or acted under the control or
17 supervision, of one or more of the remaining defendants and, in committing the acts
18 alleged, acted within the course and scope of such agency and employment and/or is or
19 are otherwise liable for plaintiff's damages; (c) at all relevant times, there existed a unity
20 of ownership and interest between or among two or more of the defendants such that any
21 individuality and separateness between or among those defendants has ceased, and de-
22 fendants are the alter egos of one another. Defendants exercised domination and control
23 over one another to such an extent that any individuality or separateness of defendants
24 does not, and at all times herein mentioned did not, exist. Adherence to the fiction of the
25 separate existence of defendants would permit abuse of the corporate privilege and
26 would sanction fraud and promote injustice. All actions of all defendants were taken by
27 employees, supervisors, executives, officers, and directors during employment with all
28 defendants, were taken on behalf of all defendants, and were engaged in, authorized, rati-

fied, and approved of by all other defendants.

5. Defendants Burberry, Burberry Ltd., and Burberry Limited both directly and indirectly employed plaintiff Toro, as defined in the Fair Employment and Housing Act ("FEHA") at Government Code section 12926(d).

6. In addition, defendants Burberry, Burberry Ltd., and Burberry Limited compelled, coerced, aided, and abetted the discrimination, which is prohibited under California Government Code section 12940(i).

7. Finally, at all relevant times mentioned herein, all defendants acted as agents of all other defendants in committing the acts alleged herein.

## FACTS COMMON TO ALL CAUSES OF ACTION

8. *Plaintiff's hiring:*  Plaintiff Toro, a 36-year-old male, was employed by defendants as a Burberry Private Client Consultant for approximately four years, beginning on May 4, 2013.

9. *Plaintiff's job performance:*  Toro worked diligently in his position until his employment was wrongfully terminated by General Manager, defendant Valdez, on March 31, 2017, while Toro was on medical leave for a work-related injury.

10. *Plaintiff's protected status and activity:*

a.  Plaintiff suffered from disabilities as a result of a fall while he was at work, which limited his ability to walk, sit, and stand for prolonged periods of time.

b.  Plaintiff's disability required him to take protected leave under the California Family Rights Act ("CFRA").

11. *Defendants' adverse employment actions and behavior:*

a.  On July 30, 2016, Toro was greeted by a stylist who requested to purchase a particular jacket. Toro went into the stock room, stood on the ladder to reach the jacket but the ladder slipped from underneath him and caused him to abruptly fall on his back, causing Toro a great deal of pain and discomfort. Within a few minutes after Toro was able to gain his composure, he immediately called Valdez and informed her of his injury.

-4-

1   Valdez told Toro to leave work and go to the doctor. Toro followed Valdez's instructions

2   and went to Cedars-Sinai hospital, where he was given pain killers for his ankle, neck,

3   and lower back.

4        b.   On July 31, 2016, Toro woke up feeling stiffness and swelling in his lower

5   back and could not go to work. He emailed upper management, including Valdez, Tami

6   Marks ("Marks"), Jonathan Possidente ("Possidente"), and Kamie Stanko ("Stanko")

7   informing them of his work-related injury. He stated, "Dear Management, I am writing

8   to notify Burberry of the incident that occurred on Saturday July 30, 2016 late afternoon.

9   I was in the men's stock room on the ladder pulling jackets for a client and slipped off

10   the ladder landing on my back, left side of my neck and ankle.  The impact did cause me

11   to get short winded...I had no choice but to leave early. I could not assist any client due

12   to my physical pain." Marks responded on the same day and provided Toro with the

13   workers' compensation information without inquiring about Toro's current condition.

14        c.   On August 3, 2016, Toro filed his workers' compensation claim.

15        d.   On August 4, 2016, Toro saw Dr. Pamela Wei-Ying Law ("Dr. Law") who

16   diagnosed him with lower back contusion, neck muscle strain, and left ankle sprain, and

17   accordingly put Toro on a leave until August 10, 2016 with restrictions of "stand no

18   more than 10 cumulative minutes per hour; walk no more than 10 cumulative minutes

19   per hour; bend at the waist: not at all; torso/spine twist: not at all; climb stairs: not at all;

20   climb ladders; not at all; use of scaffolds/work at height: not at all; neck motions: not at

21   all; reach above left shoulder: not at all" from August 11, 2016 to August 12, 2016.  On

22   the same day, Toro forwarded the work status report to Valdez who confirmed receipt of

23   it.

24        e.   On August 5, 2016, Toro forwarded his work status report to Marks

25   informing her that he intends on returning on the 11th of August.

26        f.   On August 10, 2016, Dr. Law extended Toro's leave from August 10, 2016

27   through August 16, 2016.

28   ///

g.   On August 16, 2016, Dr. Law provided the same restrictions to Toro.

h.   On August 19, 2016, Dr. Law extended Toro's leave from August 19, 2016 through August 21, 2016.

i.   In or around mid-August 2016, Valdez and General Manager Emilia Rose ("Rose") from corporate called Toro and interrogated him about his injury and leave. They made several curt comments like, "Did you really fall down the ladder?" "Was your fall real?" "When are you coming back?" "How did you hurt yourself?" Toro was shocked by the comments and felt attacked especially because they incessantly questioned his credibility regarding his fall, even though Toro had previously notified Valdez about the details of his injury. Nonetheless, Toro reiterated how he fell and injured himself and said, "I am in a lot of pain. I want to come back soon, but I am in too much pain." They said, "Okay" and the call ended. After the call, Toro felt extremely uneasy and tense.

j.   On August 30, 2016, Dr. Law provided the same restrictions to Toro from August 30, 2016 through September 15, 2016. From this point forward, at least twice a week Valdez called Toro and pressured him to return to work and said, "We need you to return." Each time Toro informed Valdez he didn't know if he could return to work sooner than his release date, but Valdez continuously demanded that he return. She even said, "Your clientele is asking about you," but returning to work at that time was not an option for Toro per his doctor's instructions.  Toro said he wanted to return to work sooner but couldn't do so until Dr. Law released him to full duty. He expressed how much he loved his job and looked forward to returning. Valdez said, "Okay, you need to be back soon." Toro informed Valdez he had follow up doctor's appointments every two weeks and sent Valdez updated status reports regularly.

k.   On September 14, 2016, Toro was given the same restrictions as above from September 14, 2016 through September 30, 2016.

l.   In early November 2016, Toro's client, Sharon, contacted him and told him that another sales agent informed her that Toro had been terminated. Toro was

1  embarrassed and humiliated by the rumors and informed his client he was on leave, not
2  terminated.

3      m.  In mid-November 2016, Dr. Law informed Toro that someone from his
4  employer's office reached out to her, sent her a video of Toro's fall, and asked her if she
5  believed the fall was legitimate. Toro was stunned and mortified by his employer's
6  shameful actions.

7      n.  On March 3, 2017, Toro contacted Valdez and Rose for a work schedule for
8  his return since nobody had contacted him, but Toro didn't receive a response for days.
9  Finally, on March 28, 2017, Toro received an email from HR Director, Cesar Acuna
10 ("Acuna"), attaching Toro's schedule for the week of his return, April 2, 2017 to April 8,
11 2017.

12     o.  On March 23, 2017, Toro sent Valdez and email informing her that he
13 intends on returning to work after March 28, 2017. On March 27, 2017, Valdez
14 responded informing Toro that she will contact him to discuss his schedule.

15     p.  *Defendants' termination of plaintiff's employment:*  On March 30, 2017,
16 just three days before his expected return date, Valdez and Andrea Pukulis ("Pukulis")
17 from Human Resources contacted Toro and said, "We are going to terminate you. We
18 planned on terminating you before your accident." Valdez added, "Funny you left right
19 before we did it." Toro asked why and Valdez laughed and said, "We actually decided to
20 fire you five days ago." Toro could not make sense of why he was targeted and
21 expressed his desire to go back to work, but Pukulis and Valdez just laughed. The call
22 concluded. Toro was shock stricken and immediately began to hyperventilate.

23     q.  The day after Toro was terminated, Valdez sent Toro an email identifying
24 the "discharge PIP" and attached defendants' "Confidential Separation and Release
25 Agreement" requesting that he sign the documents and return it to her. Pukulis sent a
26 follow up email on April 18, 2017 regarding the status of the release agreement and offer
27 of severance.

28 ///

12. *Economic damages:*  As a consequence of defendants' conduct, plaintiff has suffered and will suffer harm, including lost past and future income and employment benefits, damage to his career, and lost wages, overtime, unpaid expenses, and penalties, as well as interest on unpaid wages at the legal rate from and after each payday on which those wages should have been paid, in a sum to be proven at trial.

13. *Non-economic damages:*  As a consequence of defendants' conduct, plaintiff has suffered and will suffer psychological and emotional distress, humiliation, and mental and physical pain and anguish, in a sum to be proven at trial.

14. *Punitive damages:*  Defendants' conduct constitutes oppression, fraud, and/or malice under California Civil Code section 3294 and, thus, entitles plaintiff to an award of exemplary and/or punitive damages.

   a. *Malice:*  Defendants' conduct was committed with malice within the meaning of California Civil Code section 3294, including that (a) defendants acted with intent to cause injury to plaintiff and/or acted with reckless disregard for plaintiff's injury, including by terminating plaintiff's employment and/or taking other adverse job actions against plaintiff because of his disability, CFRA leave, and/or good faith complaints, and/or (b) defendants' conduct was despicable and committed in willful and conscious disregard of plaintiff's rights, health, and safety, including plaintiff's right to be free of discrimination, harassment, retaliation, abuse of the requirements of accommodation and engaging in the interactive process, and wrongful employment termination.

   b. *Oppression:*  In addition, and/or alternatively, defendants' conduct was committed with oppression within the meaning of California Civil Code section 3294, including that defendants' actions against plaintiff because of his disability, CFRA leave, and/or good faith complaints were "despicable" and subjected plaintiff to cruel and unjust hardship, in knowing disregard of plaintiff's rights to a work place free of discrimination, harassment, retaliation, abuse of the requirements of accommodation and engaging in the interactive process, and wrongful employment termination.

///

c. *Fraud:* In addition, and/or alternatively, defendants' conduct, as alleged, was fraudulent within the meaning of California Civil Code section 3294, including that defendants asserted false (pretextual) grounds for terminating plaintiff's employment and/or other adverse job actions, thereby to cause plaintiff hardship and deprive him of legal rights.

15. *Attorneys' fees:* Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.

16. *Exhaustion of administrative remedies:* Prior to filing this action, plaintiff exhausted his administrative remedies by filing a timely administrative complaint with the Department of Fair Employment and Housing ("DFEH") and receiving a DFEH right-to-sue letter.

## FIRST CAUSE OF ACTION

**(Violation of FEHA (Government Code §§ 12900, *et seq.*; 12945.2) (Discrimination and Retaliation on the Bases of Disability and Request for Leave; Failure to Accommodate a Disability; Failure to Engage in the Interactive Process; Failure to Prevent Discrimination, Harassment, and Retaliation; Violation of the California Family Rights Act— Against Defendants Burberry, Burberry LTD, Burberry Limited and Does 1 to 100, Inclusive), (Harassment on the Bases of Disability and Leave Request)— Against All Defendants and Does 1 to 100, Inclusive)**

17. The allegations set forth in paragraphs 1 through 16 are re-alleged and incorporated herein by reference.

18. At all times herein mentioned, FEHA, Government Code section 12940, *et seq.*, was in full force and effect and was binding on defendants. This statute requires defendants to refrain from discriminating against any employee because the employee has an

-9-

actual, perceived, and/or history of disability, because the employee requests protected leave under the California Family Rights Act ("CFRA") or Family Medical Leave Act ("FMLA"), and/or because of any other protected status or protected activity as provided under FEHA. Prior to filing the instant Complaint, plaintiff filed a timely administrative charge with the DFEH and received a right-to-sue letter.

19. Government Code sections 12940(a), (i), (m), and (n) require defendants to provide reasonable accommodations to known disabled employees and to engage in a timely, good faith interactive process to accommodate known disabled employees.

20. Government Code section 12940(k) states that it is an unlawful employment practice in California for an employer "to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring."

21. Plaintiff's actual, perceived, and/or history of disability and/or requested protected leave under the CFRA and/or FMLA and/or other protected status and/or protected activity, protected by FEHA were motivating factors in defendants' decision to terminate plaintiff's employment; not to retain, hire, or otherwise employ plaintiff in any position; to harass plaintiff; to retaliate against plaintiff: to refuse to accommodate plaintiff; to refuse to engage in the interactive process; and/or to take other adverse job actions against plaintiff, including fail to prevent discrimination, harassment, and retaliation.

22. During the course of plaintiff's employment, defendants failed to prevent their employees from engaging in intentional actions that resulted in plaintiff being treated less favorably because of her protected status (*i.e.,* disability; request for protected leave under the CFRA and/or FMLA; other protected status and/or protected activity). During the course of plaintiff's employment, defendants failed to prevent their employees from engaging in unjustified employment practices against employees in such protected classes. During the course of plaintiff's employment, defendants failed to prevent a pattern and practice by their employees of intentional discrimination and harassment on the bases of disability, request for protected leave, and/or other protected statuses or

1   protected activities.

2   23. Defendants, through their managers and supervisors, made a number of com-
3   ments to and about plaintiff that exhibited discriminatory motivations, intentions, and
4   consciousness on the bases of disability and/or request for protected leave. Plaintiff
5   believes, and on that basis alleges, that defendants' real motivation was to discharge her
6   because of her disability, request for protected leave, and/or other protected statuses or
7   protected activities

8   24. Defendants wholly failed to attempt any reasonable accommodation of plain-
9   tiff's known disability and/or to engage in a timely, good faith interactive process with
10  plaintiff to accommodate her known disabilities. Instead, defendants terminated
11  plaintiff's employment in whole or in part because of her disability, request for protected
12  leave, and/or other protected statuses or protected activities

13  25. Defendants' conduct, as alleged, violated FEHA, and defendants committed
14  unlawful employment practices, including by the following, separate bases for liability:

15      a. Taking adverse employment actions against plaintiff, such as discharging;
16  barring; refusing to transfer, retain, hire, select, and/or employ; and/or, otherwise
17  discriminating against plaintiff—in whole or in part—on the bases of plaintiff's
18  disability, request for protected leave, and/or other protected statuses or protected
19  activities, in violation of Government Code section 12940(a);

20      b. Harassing plaintiff and/or creating a hostile work environment, in whole or
21  in part on the bases of plaintiff's actual, perceived, and/or history of disability; request
22  for protected leave; and/or, other protected statuses and/or protected activitiess, in
23  violation of Government Code section 12940(j);

24      c. Failing to accommodate plaintiff's actual, perceived, and/or history of
25  disability; request for protected leave; and/or, other protected statuses and/or protected
26  activities, in violation of Government Code section 12940(m);

27      d. Failing to engage in a timely, good faith interactive process to determine
28  reasonable accommodation, in violation of Government Code section 12940(n);

-11-

1       e.  Failing to provide plaintiff with requisite statutory leave, violating notice
2  and/or other procedural requisites of leave, and/or retaliating against plaintiff for taking
3  leave, in violation of Government Code section 12945.2.

4       f.  Retaliating against plaintiff for seeking to exercise rights guaranteed under
5  FEHA and/or opposing defendants' failure to provide such rights, including rights of
6  reasonable accommodation, rights of interactive process, leave rights, and/or the right to
7  be free of discrimination and harassment, in violation of Government Code section
8  12940(h);

9       g.  Failing to take all reasonable steps to prevent discrimination, harassment,
10  and retaliation based on actual, perceived, and/or history of  disability; request for
11  protected leave; and/or, other protected statuses and/or protected activities, in violation
12  of Government Code section 12940(k);

13  26.  On the basis of the above, plaintiff believes and alleges that her actual,
14  perceived, and/or history of  disability; request for protected leave; and/or, other
15  protected statuses and/or protected activities were substantial motivating factors in
16  defendants' termination of her employment.

17  27.  As a proximate result of defendants' willful, knowing, and intentional discrimi-
18  nation against, harassment of, and retaliation against plaintiff, their failure to
19  accommodate plaintiff's known disability and to engage in a timely, good faith
20  interactive process, and their failure to prevent discrimination, harassment, and
21  retaliation, plaintiff has sustained and continues to sustain substantial losses of earnings
22  and other employment benefits.

23  28.  As a proximate result of defendants' willful, knowing, and intentional discrimi-
24  nation against, harassment of, and retaliation against plaintiff, their failure to
25  accommodate plaintiff's known disability and to engage in a timely, good faith
26  interactive process, and their failure to prevent discrimination, harassment, and
27  retaliation, plaintiff has suffered and continues to suffer humiliation, emotional distress,
28  and mental and physical pain and anguish, all to her damage in a sum according to proof.

29. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

30. Defendants' misconduct was committed intentionally, in a malicious, despicable, fraudulent, and oppressive manner, entitling plaintiff to punitive damages against defendants.

## SECOND CAUSE OF ACTION

### (Breach of Express Oral Contract Not to Terminate Employment Without Good Cause)—Against Defendants Burberry, Burberry Ltd., Burberry Limited, and Does 1 to 100, Inclusive)

31. The allegations set forth in paragraphs 1 through 30 are re-alleged and incorporated herein by reference.

32. Defendants, through their agents, entered an oral agreement not to terminate plaintiff's employment except for good cause. Plaintiff and defendants, through their supervisors, made mutual promises of consideration pursuant to this oral agreement. Plaintiff performed all duties required of him under the agreement by performing his job in an exemplary manner.

33. Defendants and their managers and supervisors terminated plaintiff's employment without good cause, violating the express oral contract they had with him.

34. As a proximate result of defendants' willful breach of the express oral contract not to terminate employment without good cause, plaintiff has suffered and continues to suffer damages, including losses of earnings and benefits, in a sum according to proof.

///

///

///

///

## THIRD CAUSE OF ACTION

**(Breach of Implied-in-Fact Contract Not to Terminate**

**Employment Without Good Cause (*Marketing West, Inc. v.***

***Sanyo Fisher* (1992) 6 Cal.App.4th 603; Civil Code**

**§ 1622)—Against Defendants Burberry, Burberry Ltd.,**

**Burberry Limited, and Does 1 to 100, Inclusive)**

35.   The allegations set forth in paragraphs 1 through 34 are re-alleged and incorporated herein by reference.

36.   On the basis of oral assurances of continued employment given to plaintiff by defendants' supervisors, the length of plaintiff's employment with defendants, defendants' actual practice of terminating employment only for cause, and the industry standard for the business defendants engaged in of terminating employment only for cause, plaintiff and defendants shared the actual understanding that plaintiff's employment could and would be terminated only for cause.  This shared understanding resulted in an implied contract requiring that defendants have good cause to terminate plaintiff's employment.

37.   Defendants and their managers and supervisors terminated plaintiff's employment without good cause, violating the implied-in-fact contract they had with him.

38.   As a proximate result of defendants' willful breach of the implied-in-fact contract not to terminate employment without good cause, plaintiff has suffered and continues to suffer damages, including losses of earnings and benefits, in a sum according to proof.

39.   Plaintiff seeks attorneys' fees for lost wages under this cause of action under Labor Code section 218.6.

///

///

///

///

## FOURTH CAUSE OF ACTION

### (Negligent Hiring, Supervision, and Retention—

### Against Defendants Burberry, Burberry Ltd.,

### Burberry Limited, and Does 1 to 100, Inclusive)

40.  The allegations set forth in paragraphs 1 through 39 are re-alleged and incorporated herein by reference.

41.  Defendants owed a duty of care to plaintiff to appoint, hire, retain, and supervise persons who would not engage in retaliatory, harassing, or discriminatory conduct. Defendants owed a duty of care to plaintiff not to retain managers or employees who would discriminate against, harass, or retaliate against employees for engaging in protected activities.  Defendants owed a duty of care to plaintiff to supervise their managers and employees closely to ensure that they would refrain from harassing and retaliating against plaintiff.

42.  Defendants breached these duties.  As a result, defendants caused damages to plaintiff.  As a proximate result of defendants' negligent hiring, retention, and supervision of their managers and employees, plaintiff has suffered and continues to suffer damages, including losses of earnings and benefits, according to proof.

## FIFTH CAUSE OF ACTION

### (Wrongful Termination of Employment in Violation

### of Public Policy (Labor Code § 1102.5; FEHA,

### Government Code § 12900, *et seq.*)—Against

### Defendants Burberry, Burberry Ltd., Burberry

### Limited, and Does 1 to 100, Inclusive)

43.  The allegations set forth in paragraphs 1 through 42 are re-alleged and incorporated herein by reference.

44.  Defendants terminated plaintiff's employment in violation of various fundamental public policies underlying both state and federal laws.  Specifically, plaintiff's

employment was terminated in part because of his protected status (*i.e.,* disability, CFRA leave, and/or good faith complaints). These actions were in violation of FEHA, the California Constitution, and California Labor Code section 1102.5.

45. As a proximate result of defendants' wrongful termination of plaintiff's employment in violation of fundamental public policies, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

46. As a result of defendants' wrongful termination of his employment, plaintiff has suffered general and special damages in sums according to proof.

47. Defendants' wrongful termination of plaintiff's employment was done intentionally, in a malicious, fraudulent, oppressive manner, entitling plaintiff to punitive damages.

48. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Code of Civil Procedure sections 1021.5 and 1032, *et seq.,* plaintiff is entitled to recover reasonable attorneys' fees and costs in an amount according to proof.

## SIXTH CAUSE OF ACTION

### (Violations of Labor Code § 1102.5, *et seq.*— Defendants
### Burberry, Burberry Ltd., Burberry Limited, and Does 1 to
### 100, Inclusive)

49. The allegations set forth in paragraphs 1 through 48 are re-alleged and incorporated herein by reference.

50. At all relevant times, Labor Code section 1102.5 was in effect and was binding on defendants. This statute prohibits defendants from retaliating against any employee, including plaintiff, for raising complaints of illegality.

51. Plaintiff raised complaints of illegality while he worked for defendants, and defendants retaliated against him by discriminating against him, harassing him, and taking adverse employment actions, including employment termination, against him.

52.  As a proximate result of defendants' willful, knowing, and intentional viola-tions of Labor Code section 1102.5, plaintiff has suffered and continues to suffer humili-ation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

53.  As a result of defendants' adverse employment actions against plaintiff, plain-tiff has suffered general and special damages in sums according to proof.

54.  Defendants' misconduct was committed intentionally, in a malicious, oppres-sive, fraudulent, oppressive manner, entitling plaintiff to punitive damages against defendants.

## SEVENTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress—Against
### All Defendants and Does 1 to 100, Inclusive)

55.  The allegations set forth in paragraphs 1 through 54 are re-alleged and incorpo-rated herein by reference.

56.  Defendants' discriminatory, harassing, and retaliatory actions against plaintiff constituted severe and outrageous misconduct and caused plaintiff extreme emotional distress.

57.  Defendants were aware that treating plaintiff in the manner alleged above, including depriving plaintiff of his livelihood while he was suffering from an actual, perceived, and/or history of disability, would devastate plaintiff and cause him extreme hardship.

58.  As a proximate result of defendants' extreme and outrageous conduct, plaintiff has suffered and continues to suffer severe emotional distress.  Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits as a result of being emotionally distressed.

59.  As a proximate result of defendants' extreme and outrageous conduct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and

-17-

1 | physical pain and anguish, all to his damage in a sum according to proof.

2 | 60. Defendants' misconduct was committed intentionally, in a malicious, oppres-

3 | sive manner, entitling plaintiff to punitive damages.

4 |

5 | **EIGHTH CAUSE OF ACTION**

6 | **(Violation of California Civil Code Sections 51.7 and**

7 | **52)—Against Defendants Burberry, Burberry Ltd.,**

8 | **Burberry Limited, and Does 1 to 100, Inclusive)**

9 | 61. The allegations set forth in paragraphs 1 through 60 are re-alleged and incorpo-

10 | rated herein by reference.

11 | 62. California Civil Code Section 51.7 (b) (1) states that: "A person shall not

12 | require another person to waive any legal right, penalty, remedy, forum, or procedure for

13 | a violation of this section, as a condition of entering into a contract for goods or services,

14 | including the right to file and pursue a civil action or complaint with, or otherwise

15 | notify, the Attorney General or any other public prosecutor, or law enforcement agency,

16 | the Department of Fair Employment and Housing, or any court or other governmental

17 | entity."

18 | 63. California Civil Code Section 51(b) states that "All persons within the

19 | jurisdiction of this state are free and equal, and no matter what their sex, race, color,

20 | religion, ancestry, national origin, disability, medical condition, genetic information,

21 | marital status, sexual orientation, citizenship, primary language, or immigration status

22 | are entitled to the full and equal accommodations, advantages, facilities, privileges, or

23 | services in all business establishments of every kind whatsoever."

24 | 64. California Civil Code Section 51(e) (5) states that "disability includes...but is

25 | not limited to, mental or physical disability."

26 | 65. That as a proximate result of the acts of Defendants, and each of them, as

27 | described above, Plaintiff has suffered and will continue to suffer economic damages,

28 | including lost wages, lost benefits, loss of promotional opportunity, and other

-18-

1  compensatory damages in an amount to be ascertained at the time of trial.

2      66. That as a proximate result of the acts of Defendants, and each of them, Plaintiff

3  suffered and continues to suffer humiliation, emotional, mental and physical distress,

4  anxiety, nervousness, stress and has been generally damaged in an amount to be

5  ascertained at the time of trial.

6      67. That as a direct and proximate result of the conduct of Defendants, and each of

7  them, Plaintiff was forced to incur substantial costs and attorney's fees; Civil Code §52

8  provides that whoever denies a right afforded by §51.7 shall be liable for actual

9  damages, a civil penalty of $25,000 per violation and reasonable attorney's fees of the

10 aggrieved party.

11     68. In taking the actions alleged herein, Defendants acted with malice, fraud and

12 oppression, and in reckless disregard of Plaintiff's rights. That the acts of Defendants,

13 and each of them, which were carried out by managing agents, were intentional, willful

14 and malicious and done in conscious disregard of Plaintiff's rights, and with the intent to

15 vex, injure and annoy Plaintiff, as such Plaintiff requests that exemplary and punitive

16 damages be assessed against each of these defendants in an amount sufficient to punish

17 said Defendants and to deter others from engaging in similar conduct.

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

# PRAYER

WHEREFORE, plaintiff, Albert Toro, prays for judgment against defendants as follows:

1. For general and special damages according to proof;

2. For exemplary damages, according to proof;

3. For pre-judgment and post-judgment interest on all damages awarded;

4. For reasonable attorneys' fees;

5. For declaratory relief;

6. For costs of suit incurred;

7. For such other and further relief as the Court may deem just and proper.

ADDITIONALLY, plaintiff, Albert Toro, demands trial of this matter by jury. The amount demanded exceeds $25,000.00 (Government Code § 72055).

Dated: August 14, 2018                    SHEGERIAN & ASSOCIATES, INC.

By: _____
    Carney R. Shegerian, Esq.

    Attorneys for Plaintiff,
    ALBERT TORO

-20-

| SHORT TITLE: | CASE NUMBER | BC 717834 |
|---|---|---|
| Toro v. Burberry., et. al. | | |

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☒ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 15 ☐ HOURS/ ☒ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 2. |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Toro v. Burberry., et. al. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☒ A6037  Wrongful Termination | 1., ②. 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Toro v. Burberry., et. al. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐  A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐  A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐  A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐  A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐  A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐  A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐  A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐  A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐  A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐  A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐  A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐  A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐  A6141  Sister State Judgment | 2., 9. |
| | | ☐  A6160  Abstract of Judgment | 2., 6. |
| | | ☐  A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐  A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐  A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐  A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐  A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐  A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐  A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐  A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐  A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐  A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐  A6121  Civil Harassment | 2., 3., 9. |
| | | ☐  A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐  A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐  A6190  Election Contest | 2. |
| | | ☐  A6110  Petition for Change of Name | 2., 7. |
| | | ☐  A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐  A6100  Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Toro v. Burberry., et, al. | |

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case. <br><br> ☐1. ☒2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS: <br> 301 North Rodeo Drive |
|---|---|

| CITY: | STATE: | ZIP CODE: | |
|---|---|---|---|
| Beverly Hills | CA | 90210 | |

Item IV. Declaration of Assignment: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk courthouse in the Central District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: August 14, 2018

_(signature)_

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet, Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5.  Payment in full of the filing fee, unless fees have been waived.

6.  A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| **COURTHOUSE ADDRESS:** 111 North Hill Street, Los Angeles, CA 90012 | **CONFORMED COPY ORIGINAL FILED** Superior Court of California County of Los Angeles |
| | AUG 14 2018 |
| **NOTICE OF CASE ASSIGNMENT** **UNLIMITED CIVIL CASE - IC** | Sherri R. Carter, Executive Officer/Clerk of Court By: Judi Lara, Deputy |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | **CASE NUMBER:** BC 7 1 7 8 3 4 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|
| Hon. Debre K. Weintraub | 1 | 534 | | Hon. Randolph Hammock | 47 | 507 |
| Hon. Barbara A. Meiers | 12 | 636 | | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Terry A. Green | 14 | 300 | | Hon. Deirdre Hill | 49 | 509 |
| Hon. Richard Fruin | 15 | 307 | | Hon. Teresa A. Beaudet | 50 | 508 |
| Hon. Lia Martin | 16 | 306 | | Hon. Michael J. Raphael | 51 | 511 |
| Hon. Richard E. Rico | 17 | 309 | | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Stephanie Bowick | 19 | 311 | | Hon. Howard L. Halm | 53 | 513 |
| Hon. Dalila Corral Lyons | 20 | 310 | | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Patricia Nieto | 24 | 314 | | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Yvette M. Palazuelos | 28 | 318 | | Hon. Holly J. Fujie | 56 | 514 |
| Hon. Barbara Scheper | 30 | 400 | | Hon. Steven J. Kleifield | 57 | 517 |
| Hon. Samantha Jessner | 31 | 407 | | Hon. John P. Doyle | 58 | 516 |
| Hon. Daniel S. Murphy | 32 | 406 | | Hon. Gregory Keosian | 61 | 732 |
| Hon. Michael P. Linfield | 34 | 408 | | Hon. Michael L. Stern | 62 | 600 |
| Hon. Gregory Alarcon | 36 | 410 | | Hon. Mark Mooney | 68 | 617 |
| Hon. David S. Cunningham | 37 | 413 | | Hon. William F. Fahey | 69 | 621 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | | Hon. Monica Bachner | 71 | 729 |
| Hon. Elizabeth Feffer | 39 | 415 | | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. David Sotelo | 40 | 414 | | Hon. Rafael Ongkeko | 73 | 733 |
| Hon. Holly E. Kendig | 42 | 416 | | Hon. Michelle Williams Court | 74 | 735 |
| Hon. Mel Red Recana | 45 | 529 | | Hon. Robert S. Draper | 78 | 730 |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on **AUG 1 4 2018**
(Date)

SHERRI R. CARTER, Executive Officer/Clerk of Court

By **Judi Lara** , Deputy Clerk

LACIV 190 (Rev 12/17)
LASC Approved 05/06

## NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◈**Los Angeles County Bar Association Litigation Section**◈

◈ **Los Angeles County Bar Association
Labor and Employment Law Section**◈

◈**Consumer Attorneys Association of Los Angeles**◈

◈**Southern California Defense Counsel**◈

◈**Association of Business Trial Lawyers**◈

◈**California Employment Lawyers Association**◈

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| **TELEPHONE NO.:**  FAX NO. (Optional):<br>**E-MAIL ADDRESS (Optional):**<br>**ATTORNEY FOR (Name):** | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER. |
|---|---|
|  |  |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR_____)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR_____)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR_____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER. |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
   (INSERT DATE)                            (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____        ➢ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR PLAINTIFF)
Date:

_____        ➢ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)
Date:

_____        ➢ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)
Date:

_____        ➢ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)
Date:

_____        ➢ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)
Date:

_____        ➢ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)
Date:

_____        ➢ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:   FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐   Request for Informal Discovery Conference
   ☐   Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: | |

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

---

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR _____ )

Date:

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR _____ )

Date:

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR _____ )

## THE COURT SO ORDERS.

Date:   _____

_____
JUDICIAL OFFICER

# Superior Court of California
# County of Los Angeles



# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKET

The person who files a civil lawsuit (plaintiff) must include the ADR information Packet with the complaint when serving the defendant. Cross-complainants must serve the ADR Information Packet on any new parties named to the action together with the cross-complaint.

There are a number of ways to resolve civil disputes without having to sue someone. These alternatives to a lawsuit are known as alternative dispute resolution (ADR).

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediations, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help resolve disputes without having to go to court.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

**Advantages of ADR**

- o Often faster than going to trial
- o Often less expensive, saving the litigants court costs, attorney's fees and expert fees.
- o May permit more participation, allowing parties to have more control over the outcome.
- o Allows for flexibility in choice of ADR processes and resolution of the dispute.
- o Fosters cooperation by allowing parties to work together with the neutral to resolve the dispute and mutually agree to remedy.
- o There are fewer, if any, court appearances. Because ADR can be faster and save money, it can reduce stress.

**Disadvantages of ADR - ADR may not be suitable for every dispute.**

- o If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- o ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- o The neutral may charge a fee for his or her services.
- o If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs of trial, such as attorney's fees and expert fees.

**The Most Common Types of ADR**

- o **Mediation**

  In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the parties, rather than the mediator, decide how the dispute is to be resolved.

  - ▪ **Mediation is particularly effective** when the parties have a continuing relationship, like neighbors or business people. Mediation is also very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to express their feelings and find out how the other sees things.

  - ▪ **Mediation may not be effective** when one party is unwilling to cooperate or compromise or when one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

▫ **Arbitration**

In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is typically less formal than a trial, and the rules of evidence may be relaxed. Arbitration may be either "binding" or "non-binding." Binding arbitration means the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Non-binding arbitration means that the parties are free to request a trial if they reject the arbitrator's decision.

Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

■ **Mandatory Settlement Conference (MSC)**

**Settlement Conferences are appropriate in any case where settlement is an option.**
Mandatory Settlement Conferences are ordered by the Court and are often held near the date a case is set for trial. The parties and their attorneys meet with a judge who devotes his or her time exclusively to preside over the MSC. The judge does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.

The Los Angeles Superior Court Mandatory Settlement Conference (MSC) program is free of charge and staffed by experienced sitting civil judges who devote their time exclusively to presiding over MSCs. The judges participating in the judicial MSC program and their locations are identified in the List of Settlement Officers found on the Los Angeles Superior Court website at http://www.lacourt.org/. This program is available in general jurisdiction cases with represented parties from independent calendar (IC) and Central Civil West (CCW) courtrooms. In addition, on an ad hoc basis, personal injury cases may be referred to the program on the eve of trial by the personal injury master calendar courts in the Stanley Mosk Courthouse or the asbestos calendar court in CCW.

In order to access the Los Angeles Superior Court MSC Program the judge in the IC courtroom, the CCW Courtroom or the personal injury master calendar courtroom must refer the parties to the program. Further, all parties must complete the information requested in the Settlement Conference Intake Form and email the completed form to mscdept18@lacourt.org.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

## Additional Information

To locate a dispute resolution program or neutral in your community:

- o Contact the California Department of Consumer Affairs (www.dca.ca.gov) Consumer Information Center toll free at 800-952-5210, or;
- o Contact the local bar association (http://www.lacba.org/) or;
- o Look in a telephone directory or search online for "mediators; or "arbitrators."

There may be a charge for services provided by private arbitrators and mediators.

A list of approved State Bar Approved Mandatory Fee Arbitration programs is available at http://calbar.ca.gov/Attorneys/MemberServices/FeeArbitration/ApprovedPrograms.aspx#19

To request information about, or assistance with, dispute resolution, call the number listed below. Or you may call a Contract Provider agency directly. A list of current Contract Provider agencies in Los Angeles County is available at the link below.

http://css.lacounty.gov/programs/dispute-resolution-program-drp/

County of Los Angeles Dispute Resolution Program
3175 West 6th Street, Room 406
Los Angeles, CA 90020-1798
TEL: (213) 738-2621
FAX: (213) 386-3995

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221